UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QUALITY BICYCLE PRODUCTS, INC. | Court File No. |
| Plaintiffs, | |
| v. | |
| | (Jury Trial Demanded) |
| SURLY GREETINGS, LLC, | |
| Defendant. | |

**INTRODUCTION**

1. By this suit, Plaintiff Quality Bicycle Products, Inc. seeks relief for violations of the Lanham Act, common law trademark infringement, common law unfair competition, state and common law dilution, and a declaration that Defendant' trademark application is not registrable with the United States Patent and Trademark Office. Plaintiff's claims are based upon the Lanham Act and Minnesota common law. Plaintiff seeks damages, injunctive relief and an order instructing the United States Patent and Trademark Office to refuse to register Defendant's trademark application.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over the subject matter of the Lanham Act claims pursuant to 15 U.S.C. §§ 1121(a), 28 U.S.C. §§ 1331 and 1338(a) and pendent and supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1050 et seq.

1

3. Defendant is subject to both general and specific jurisdiction because it conducts business in the State of Minnesota and within this jurisdiction. Upon information and belief, Defendant sells and distributes goods under the trademarks at issue in this dispute in this state. The exercise of personal jurisdiction over Counterclaim Defendants by this Court is reasonable and consistent with the federal Due Process Clause.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1391.

## THE PARTIES

5. The Plaintiff, Quality Bicycle Products, Inc., is a Minnesota corporation having its principal place of business at 6400 W 105th Street, Bloomington, MN 55438.

6. The Defendant, Surly Greetings, LLC, is a limited liability corporation registered to do business in the State of Pennsylvania at 133 Raleigh Road, Schwenksville, PA 19473. Surly Greetings, LLC has one officer, Charles J. Everitt, who is domiciled in the State of Pennsylvania and resides at 133 Raleigh Road, Schwenksville, PA 19473.

## FACTS

7. Since 1999, Plaintiff has continuously used the trademark SURLY to identify its bicycles and bicycle products in the United States.

8. Plaintiff also uses the SURLY mark in connection with a variety of goods, such as t-shirts, caps, socks, and bicycle jerseys. Plaintiff has continuously used the SURLY mark to identify its t-shirts, caps, socks, and bicycle jerseys since 2000.

9. Plaintiff is the owner of U.S. Trademark Registration No. 3,239,229 for the mark SURLY for "clothing, namely, t-shirts, caps, socks, and bicycle jerseys" in International Class 25.  (Exhibit A.)  Said registration is valid and in full force and effect.

10. Plaintiff is the owner of U.S. Trademark Registration No. 2,594,176 for the mark SURLY for "bicycles, bicycle frames, and bicycle parts and accessories, namely, chain guards, chain tensioners, forks, cogs, lockrings, handlebars, hubs, hub converters, seatpost clamps" in International Class 12.  (Exhibit B.)  Said registration is valid and in full force and effect and has become incontestable by operation of law.

11. Plaintiff is the owner of U.S. Trademark Registration No. 2,624,072 for the stylized mark SURLY for "bicycles, bicycle frames, and bicycle parts and accessories, namely, chain guards, chain tensioners, forks, cogs, lockrings, handlebars, hubs, hub converters, seatpost clamps" in International Class 12.  (Exhibit C.)  Said registration is valid and in full force and effect and has become incontestable by operation of law.

12. Plaintiff has advertised and promoted its SURLY marks extensively.  Plaintiff has and continues to expend considerable financial and other resources in promoting public recognition of the goods provided under its trademarks with emphasis on the high quality of those goods.  As a result of such use and promotion, Plaintiff's SURLY trademarks have developed and represent valuable goodwill inuring to the benefit of Plaintiff.

13. Plaintiff's SURLY trademarks are famous and well known, particularly in Minnesota.

14. Plaintiff also has strong common law service marks in SURLY based on its use and advertisement of the marks in Minnesota and nationwide via usage online and through distribution of its advertisements.

15. Plaintiff's SURLY trademarks are distinctive and have secondary meaning signifying Plaintiff and the goods provided by Plaintiff both nationwide and in Minnesota.

16. Upon information and belief, in 2006, long after Plaintiff adopted and commenced use of the SURLY trademarks and unbeknownst to Plaintiff, Defendant began developing a business as an apparel retailer intending on selling t-shirts under the SURLY trademark. Upon information and belief, Defendant registered the domain name surlygreetings.com.

17. After Plaintiff's claims became known to Defendant, Defendant filed Application Serial No. 85,284,250 on April 1, 2011 seeking registration on the Principal Register of the stylized trademark "SURLY GREETINGS" for "tee shirts" in International Class 25.

18. Defendant asserts in its application that it has been using the mark in commerce nationwide since March 10, 2006.

19. Upon information and belief, Defendant began use of the SURLY GREETINGS mark in commerce in March of 2006. Upon information and belief, Defendant has distributed t-shirts under the SURLY GREETINGS mark to retail stores nationwide, including Urban Outfitters, Hustler Hollywood, Ricky's NYC.

20. Upon information and belief, Defendant has distributed its t-shirts to two Urban Outfitters stores in the state of Minnesota.

21. Upon information and belief, Defendant has used the infringing SURLY GREETINGS mark in connection with the same goods offered for sale by Plaintiff. Since 2000, Plaintiff has offered for sale and sold a variety of goods in connection with the SURLY mark, including t-shirts.

22. Upon information and belief, Defendant sells t-shirts under the SURLY GREETINGS trademark that are offensive and likely to tarnish Plaintiff's reputation. The t-shirts have messages and depictions related to illegal drugs and acts of immorality, which are distasteful, degrading, immoral and scandalous.

23. Defendant's goods as offered for sale in Minnesota and nationwide are directed to the same consumers as Plaintiff's goods.

24. Defendant's activities have caused and will continue to cause substantial consumer confusion.

25. Defendant is infringing upon Plaintiff's federal and common law trademarks by using a mark which is the same as or confusingly similar to the trademarks of the Plaintiff.

26. In light of the activities of Defendant, Defendant's use of the SURLY GREETINGS mark will create a substantial likelihood of confusion, deception, or mistake among Plaintiff's customers and potential customers.

27. Defendant's use of the SURLY GREETINGS mark in Minnesota and nationwide will dilute Plaintiff's trademarks by lessening the capacity of the Plaintiff's marks to identify and distinguish its goods in Minnesota and nationwide.

28. Defendant's use of the SURLY GREETINGS mark in Minnesota and nationwide will tarnish Plaintiff's trademarks.

## COUNT 1 – VIOLATION OF THE LANHAM ACT -- TRADEMARK INFRINGEMENT

29. Plaintiff incorporates the allegations of Paragraphs 1-28 above.

30. Defendant's activities have caused confusion or are likely to cause confusion among Plaintiff's customers and potential customers.

31. Defendant has infringed upon Plaintiff's federal trademark in violation of 15 U.S.C. § 1114.

32. Defendant's activities are done with willful intent to cause confusion.

33. Defendant's actions have caused and will continue to cause irreparable harm and damage to Plaintiff.

## COUNT 2 – VIOLATION OF THE LANHAM ACT – FALSE DESIGNATION

34. Plaintiff incorporates the allegations of Paragraphs 1-33 above.

35. Defendant's activities are likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant's goods with the goods of Plaintiff.

36. Defendant's activities are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

37. Defendant's activities are done with willful intent to cause confusion, mistake, or deception.

38. Defendant's activities violate 15 U.S.C. § 1125.

39. Defendant's actions have caused and will continue to cause irreparable harm and damage to Plaintiff.

## COUNT 3 –  DILUTION - VIOLATION OF THE LANHAM ACT & MINN.STAT. §333.285

40. Plaintiff incorporates the allegations of Paragraphs 1-39 above.

41. Plaintiff's trademark, SURLY, is famous in Minnesota and nationwide.

42. Defendant's activities after the mark became famous have and will cause dilution of Counterclaim Plaintiff's trademark in violation of 15 U.S.C. § 1125 and Minn. Stat. §333.285.

43. Defendant's actions have caused and will continue to cause irreparable harm and damage to Plaintiff.

## COUNT 4 – REFUSAL OR CANCELLATION OF U.S. APPLICATION SERIAL NO. 85,284,250

44. Plaintiff incorporates the allegations of Paragraphs 1-43 above.

45. Pursuant to 15 U.S.C. §§ 1063, 1064 and 1119, a mark that is confusingly similar to another mark, and causes damage to the prior user, may be refused registration or canceled by a court of law at any time.

46. Defendant is using in commerce marks identical or confusingly similar to Plaintiff's federally-registered SURLY marks in connection with the sale, distribution, or marketing of products, in a manner likely to cause confusion, to cause mistake, or to deceive as to source or origin, among consumers.

47. Upon information and belief, Defendant was aware of Plaintiff and/or its SURLY marks before any sales of SURLY GREETINGS branded apparel were made in the United States.  Despite such awareness, Defendant commenced use of the SURLY GREETINGS mark in the United States.

48. Plaintiff has been damaged by the acts of Defendant. Plaintiff has suffered, and, if the acts of Defendant are allowed to continue, will continue to suffer, irreparable injury for which Plaintiff has no adequate remedy at law.

49. Registration of the mark that is the subject of Application Serial No. 85,284,250 is likely to damage Plaintiff, and therefore should not be permitted to register or be cancelled if issued.

### COUNT 5 -- COMMON LAW TRADEMARK INFRINGEMENT

50. Plaintiff incorporates the allegations Paragraphs 1-49 above.

51. Defendant's activities have caused confusion or are likely to cause confusion among Plaintiff's customers and potential customers.

52. Defendant has infringed upon Plaintiff's common law trademarks in violation of Minnesota law.

53. Defendant's activities are done with full knowledge of Plaintiff's rights and with willful intent to cause confusion and trade upon the good will of Plaintiff.

54. Defendant's actions have caused and will continue to cause irreparable harm and damage to Plaintiff.

### REQUEST FOR RELIEF

WHEREFORE Plaintiff requests judgment as follows:

1. That Defendant be permanently enjoined and restrained from using the "SURLY GREETINGS" mark or any other mark or trade name or engaging in any other conduct that creates a likelihood of misappropriation and dilution of Plaintiff's marks or trade names and the goodwill associated therewith.

2. That registration of Application Serial No. 85,284,250 is denied.

3. That Defendant is required to pay Plaintiff compensatory damages for injuries sustained by Plaintiff.

4. That Defendant is required to pay Plaintiff all of its litigation expenses, including costs, disbursements, and reasonable attorneys' fees due to the deliberate and knowing nature of Defendant's actions and the exceptional nature of this case.

5. That the Plaintiff takes such other and further relief as the Court may deem just and proper.

QUALITY BICYCLE PRODUCTS, INC.

Date: June 10, 2011            By Counsel

s/Kristine M. Boylan
Kristine M. Boylan, Reg. No. 284634
Elizabeth A. Zidones Reg. No. 0387878
MERCHANT & GOULD P.C.
80 South Eighth Street, Suite 3200
Minneapolis, Minnesota 55402-2215
Telephone:  612.332.5300
Facsimile:   612.332.9081